IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACQUEL LEWIS-DAVIS,  :  <br>    Plaintiff,  : <br>     : <br> v.   : <br>     : <br> U.S. DEPARTMENT OF JUSTICE, : <br> *et al.*,  : <br>     Defendants. : | CIVIL ACTION NO. 21-CV-4052 |

**MEMORANDUM**

**PADOVA, J.**                                                                                                           **NOVEMBER 10, 2021**

Racquel Lewis-Davis filed this civil action against the U.S. Department of Justice ("DOJ") and the U.S. Department of Homeland Security - Immigration and Customs Enforcement ("ICE"). She also filed a Motion for Leave to Proceed *In Forma Pauperis* and a Motion in which she asks to withdraw the DOJ as a Defendant. (ECF Nos. 4 & 5.) For the following reasons, we grant Lewis-Davis leave to proceed *in forma pauperis*, grant her Motion to withdraw the DOJ as a Defendant, and dismiss her Complaint.

**I.      FACTUAL ALLEGATIONS**

This is the second lawsuit Lewis-Davis has filed in this Court in which she alleges that she has been the victim of years of electronic surveillance and invasion of her privacy because of a charge of discrimination she previously filed against her former employer, the Community College of Baltimore County ("CCBC").[1] The Complaint names the DOJ and ICE as

---

[1] In February of 2020, Lewis-Davis filed a complaint in this Court against her former employer in Maryland and two individuals, in which she claimed she was discriminated against in employment and suffered retaliation. *See Lewis-Davis v. Baltimore Cty. Pub. Sch. Infants & Toddlers Program*, Civ. A. No. 20-723 (E.D. Pa.). That case was promptly transferred to the United States District Court for the District of Maryland. *Id.* (ECF No. 6). The United States District Court for the District of Maryland recently dismissed Lewis-Davis's second amended

1

Defendants. However, Lewis-Davis subsequently moved to withdraw her claims against the DOJ and we grant that Motion. (*See* ECF No. 4.) Accordingly, we only address Lewis-Davis's claims against the remaining Defendant, ICE.

According to Lewis-Davis, she was subjected to eavesdropping on her cell phone and other intrusive "illegal surveillance" by federal and local agencies and private entities, because she filed a charge of discrimination with the Equal Employment Opportunity Commission "regarding harassment by CCBC." (*Id.* at 1-3; *see also id.* at 1 (alleging that "[t]he eavesdropping lasted until September 2021, through different employers and in the state of New York and Pennsylvania").) She claims that staff at CCBC reported her to law enforcement as "mentally ill and harmful" because they did not like her. (*Id.* at 2.) As a result, she has allegedly been "surveilled by ICE, the FBI as well as profiled by police including school safety" every day "nonstop" since 2014. (*Id.*) Among other things, Lewis-Davis alleges that, as a result of the surveillance and information allegedly obtained from the surveillance, she is unemployed and homeless, her car has been vandalized, her child has been bullied using information obtained from the illegal surveillance, and she has been subjected to fraudulent tolls for travel and

---

complaint in that case and denied her numerous motions. *See Lewis-Davis v. Bd. of Edu. of Baltimore Cty.*, Civ. A. No. 20-0423, 2021 WL 4772918, at *1 (D. Md. Oct. 13, 2021) (describing Lewis-Davis's pleadings as alleging "a vast conspiracy to discriminate against her, harass her, violate her privacy, and harm her").

A few months before she filed the instant civil action, Lewis-Davis filed a complaint against a homeless shelter where she resided for a period of time and the shelter's president claiming that they subjected her to invasions of privacy and electronic surveillance in retaliation for her employment discrimination lawsuit. *See Lewis-Davis v. PEC-Gloria's Place*, Civ. A. No. 21-2180 (E.D. Pa.). That case was dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See Lewis-Davis v. PEC-Gloria's Place*, Civ. A. No. 21-2180, 2021 WL 3271150, at *6 (E.D. Pa. July 28, 2021).

fraudulent phone bills. (*See generally id.* at 3-4; *see id.* at 3 ("Th[e] complaint [to human resources at CCBC] le[d] to EEOC complaint, which escalated the activity. The program used spyware and illegal wiretapping that caused a spiral (downward activity) of events in [Lewis-Davis's] life.").) She claims that "DHS – ICE was located several times in [her] technology either displaying their name on lock screens or in analytics" and that ICE "conducted Viceroy traces, snapshots, jailbreaks, experiments, audits, bank card blocks, obstructed child support modifications and AI" all of which was done "deliberately" for the purpose of "inflict[ing] fear in [Lewis-Davis] and family for retaliatory purposes." (*Id.* at 4.)

The Complaint reflects Lewis-Davis's desire to bring claims against ICE under the Federal Tort Claims Act ("FTCA") based on torts associated with the alleged illegal surveillance. (*Id.* at 1 & 4.) Lewis-Davis also alleges that ICE (or DHS) had a duty to protect her against the surveillance and hacking. (*Id.* at 2.) She also invokes the Constitution, 42 U.S.C. § 1985, and other federal statutes pertaining to privacy and electronic communications. (*Id.* at 1, 4.) Lewis-Davis seeks "relief for the harm she and her minor child and other family members continue to endure" including $25 million in damages. (*Id.* at 5.)

## II. STANDARD OF REVIEW

We grant Lewis-Davis leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, the Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require us to dismiss the Complaint if it is frivolous or fails to state a claim on which relief can be granted. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995)

(citations omitted), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "At this early stage of the litigation,' '[we] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [her] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (first, third, fourth, fifth, and sixth alterations in original) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations are not sufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678. As Lewis-Davis is proceeding *pro se*, we construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

#### A.  Claims Raised on Behalf of Others

It appears that Lewis-Davis in part intends to raise claims on behalf of others, including her minor child, and to seek relief on their behalf. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se*. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth*

*Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). However, while an individual may represent herself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule." (citations omitted), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see also Osei-Afriyie*, 937 F.2d at 833 (noting that the plaintiff was not entitled to represent his children as a *pro se* litigant in federal court). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim in federal court. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). For these reasons, we dismiss any claims that Lewis-Davis seeks to bring on behalf of others without prejudice for lack of standing.

### B. Lewis-Davis's Claims

#### 1. No Factual Basis for ICE's Liability or Plausible Claim Pled

Reading the Complaint as a whole, we conclude that Lewis-Davis's claims against ICE lack a factual basis. She essentially describes a conspiracy characterized by constant monitoring of her (and possibly other family members') electronic devices, and the disclosure of information obtained from that surveillance to harm her in all aspects of her daily life. This conspiracy is alleged to exist among agencies of the federal government, local authorities, and private actors including CCBC and other employers, all for the purpose of retaliating against her for reporting an employment discrimination dispute in Maryland seven years ago. These allegations lack a basis in fact given the extent of the size, power, scope and duration of the described targeting and surveillance. *See, e.g.*, *West v. United States*, 779 F. App'x 148, 149 (3d Cir. 2019) (*per curiam*) ("After carefully reviewing West's lengthy complaint and his voluminous attachments, we agree

5

with the District Court that dismissal was proper, as West seeks relief based on his contention that he has suffered a 'covert civil death' over the course of decades due to the alleged actions of countless individuals across the world."); *Khalil v. United States*, Civ. A. No. 17-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (finding plaintiff's allegations, which described a broad conspiracy involving surveillance of and interference with his file by the United States and various government actors" to be "wholly incredible").

It is also not clear from Lewis-Davis's Complaint what, specifically, ICE is alleged to have done other than generally participate in allegedly illegal surveillance. In other words, Lewis-Davis identifies ICE as being among those entities that allegedly invaded her privacy and generally claims that ICE used assorted surveillance techniques against her, but she does not raise any specific allegations about ICE's involvement, including by identifying the specific devices allegedly breached by ICE, describing the time frame of ICE's involvement, or otherwise explaining how ICE was specifically involved in these events. Lewis-Davis cannot state a plausible claim without more specific allegations. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

  2. **FTCA Claims**

Even if Lewis-Davis could describe non-frivolous facts that would clarify ICE's role in the underlying events, her FTCA claims suffer from other defects. The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of

their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 (providing that, for tort claims, "[T]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (stating that "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))). The United States is the only proper defendant in an FTCA action. *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

A plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a). In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018) (stating that "[u]nder 28 U.S.C. § 2675(a), a plaintiff may not bring a claim under the FTCA unless he 'first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.'" (quoting *Shelton*, 775 F.3d at 569)). "This requirement is jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569 (citation omitted). Therefore, "a plaintiff must . . . plead administrative exhaustion in an FTCA case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011) (citations omitted). Here, the Complaint does not reflect that Lewis-Davis exhausted her FTCA claims prior to filing suit. Accordingly, her FTCA claims also fail for this reason.

### 3. Civil Rights Claims

It appears that Lewis-Davis may have also intended to raise constitutional claims against ICE, which must be brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). However, sovereign immunity bars Lewis-Davis's constitutional and civil rights claims against ICE. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (citations omitted)); *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies . . . ." (citation omitted)); *see also Martinez v. Eagle Disposal*, 783 F. App'x 206, 209 (3d Cir. 2019) (*per curiam*) (determining that claims asserted against the FBI for wiretapping were barred by sovereign immunity); *Tucker v Sec'y of Health and Human Servs.*, 588 F. App'x 110, 115 (3d Cir. 2014) (*per curiam*) (concluding that sovereign immunity barred an action brought against the Department of Health and Human Services pursuant to 42 U.S.C. § 1985 (citation omitted)). For all of these reasons, we conclude that Lewis-Davis's claims against ICE lack legal basis and we dismiss them.

### 4. Privacy Act Claims

Lewis-Davis also seeks to assert claims pursuant to the Privacy Act, 5 U.S.C. § 552a(g)(1). (ECF No. 1 at 4, 5.) "To state a claim for money damages under the Privacy Act, a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an adverse determination was made as to the plaintiff." *Yusim v. Off. of Acting Comm'r of Soc. Sec. Admin.*, 406 F. Supp. 3d 194, 196 (E.D.N.Y. 2018) (citing 5 U.S.C. § 552a(g)(1)(C), (g)(4)); *see also F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012) (explaining that the Privacy Act provides a cause of action for monetary damages when an

agency intentionally or willfully fails to comply with provisions for managing confidential records). The Privacy Act also "prevents a government agency from disclosing 'any record which is contained in a system of records by any means of communication to any person, or to another agency,' barring certain exceptions." *Thomas v. Seth*, 317 F. App'x 279, 281 (3d Cir. 2009) (*per curiam*) (quoting 5 U.S.C. § 552a(b)).

The Complaint does not allege that ICE has failed to maintain records, maintained inaccurate records, or disclosed of records in a manner that would give rise to a plausible claim under the Privacy Act. Moreover, Lewis-Davis's bare citation to the statute is not sufficient to state a plausible claim pursuant to that statute. Accordingly, we dismiss Lewis-Davis's Privacy Act claim against ICE.

### 5. Remaining Claims

Lewis-Davis also cites other federal statutes as the basis for her claims, including the Stored Communications Act and the Wiretap Act. (ECF No. 1 at 4.) Several of the cited statutes do not provide a cause of action against ICE.² *See* 18 U.S.C. § 2520(a) ("[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, *other than the United States*, which engaged in that violation such relief as may be appropriate." (emphasis added)); *id.* § 2510(6) (defining "person" as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock

---

² Lewis-Davis also cites criminal statutes that do not give rise to a civil cause of action at all. *See Colon-Montanez v. Pennsylvania Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action . . . ."); *Humphrey v. Pa. Ct. of Common Pleas of Philadelphia*, 462 F. Supp. 3d 532, 535 n.2 (E.D. Pa. 2020) (explaining that numerous courts have held that the Violence Against Women Act, 18 U.S.C. §§ 2261-2262, does not provide a private right of action).

company, trust, or corporation"); *id.* § 2707(a) ("[A]ny provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, *other than the United States*, which engaged in that violation such relief as may be appropriate." (emphasis added)); *id.* § 2711(1) (incorporating definitions of § 2510, including definition of "person"); *see also Thomas*, 317 F. App'x at 282 ("[T]he Wiretap Act exempts the United States, and therefore the U.S. Attorney's Office and FDC–Philadelphia, from liability, barring certain conditions not present in this case." (citing 18 U.S.C. §§ 2520(a) and 2712)).

Although certain of the cited statutes allow for liability of the federal government in some circumstances, *see* 18 U.S.C. § 2712(a); *Al-Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 853 (9th Cir. 2012) ("Al–Haramain can bring a suit for damages against the United States for *use* of the collected information, but cannot bring suit against the government for collection of the information itself."), a plaintiff is still required to present her claims "to the appropriate department or agency under the procedures of the Federal Tort Claims Act."  18 U.S.C. § 2712(b); *Thomas v. Seth*, Civ. A. No. 07-2203, 2008 WL 11476024, at *5 n.8 (E.D. Pa. Aug. 28, 2008), *aff'd,* 317 F. App'x 279 (3d Cir. 2009) (stating that § 2712 permits civil actions against the United States "only after a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act").  As noted above, even leaving aside the other defects in Lewis-Davis's claims, the Complaint does not allege that Lewis-Davis complied with those procedures of the Federal Tort Claims Act.  Accordingly, we dismiss Lewis-Davis's remaining claims for failure to comply with the procedures of the Federal Tort Claims Act.

### IV.     CONCLUSION

For the foregoing reasons, we grant Lewis-Davis leave to proceed *in forma pauperis*, dismiss the DOJ as a Defendant at her request, and dismiss the remainder of her Complaint with prejudice.  We conclude that, under the circumstances of this case, amendment would be futile.  An appropriate Order follows, dismissing this case.


                                                **BY THE COURT:**

                                                /s/ John R. Padova
                                                _____
                                                **JOHN R. PADOVA, J.**